**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444
dstein@steinllp.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Francisco Ramirez and Sergio Hernandez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 21-cv-4417 |
| Plaintiffs, | **COMPLAINT** |
| – vs. – | |
| Queens Plaza Deli Corp. d/b/a Hudson Food Market, Fahd Musleh and Nash Musleh, | |
| Defendants. | |

Plaintiffs Francisco Ramirez and Sergio Hernandez, by
and through their undersigned attorneys, for their complaint
against defendants Queens Plaza Deli Corp. d/b/a Hudson Food
Market, Fahd Musleh and Nash Muslem, allege as follows, on
behalf of themselves and on behalf of all other persons
similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Mr. Ramirez and Mr. Hernandez allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Queens Plaza Deli Corp. d/b/a Hudson Food Market, Fahd Musleh and Nash Muslem, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Ramirez and Mr. Hernandez further complain that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff Francisco Ramirez is an adult individual residing in Queens, New York.

4.    Plaintiff Sergio Hernandez is an adult individual residing in the Bronx, New York.

5.    Mr. Ramirez and Mr. Hernandez consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.    Upon information and belief, defendant Queens Plaza Deli Corp. d/b/a Hudson Food Market ("Hudson Food") is a New York corporation with a principal place of business at 29-09A Queens Plaza North, Long Island City, New York.

7.    At all relevant times, defendant Hudson Food has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.    Upon information and belief, at all relevant times, defendant Hudson Food has had gross revenues in excess of $500,000.00.

9.    Upon information and belief, at all relevant times herein, defendant Hudson Food has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10.  Upon information and belief, at all relevant times, defendant Hudson Food has constituted an "enterprise" as defined in the FLSA.

11.  Upon information and belief, defendant Fahd Musleh is an owner or part owner and principal of Hudson Food, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.  Defendant Fahd Musleh was involved in the day-to-day operations of Hudson Food and played an active role in managing the business.

13.  Upon information and belief, defendant Nash Musleh is an owner or part owner and principal of Hudson Food, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14.  Defendant Nash Musleh was involved in the day-to-day operations of Hudson Food and played an active role in managing the business.

15.  For example, Fahd Musleh hired the plaintiffs and set their schedules and pay, while Nash Musleh supervised them on a daily basis, and paid them each week.

16.  Defendants constituted "employers" of Mr. Ramirez and Mr. Hernandez as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

17.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

18.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

19.  Pursuant to 29 U.S.C. § 207, Mr. Ramirez and Mr. Hernandez seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were employed by defendants in the United States as deli workers at any time since April 12, 2018, to the entry of judgment in this case (the "Collective Action Period"), who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20.  The Collective Action Members are similarly situated to Mr. Ramirez and Mr. Hernandez in that they were employed by defendants in their deli, and were denied premium overtime pay for hours worked beyond forty hours in a week.

21.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

22.  Francisco Ramirez, Sergio Hernandez, and the Collective Action Members perform or performed the same or similar primary duties, and are or were subjected to the same policies and practices by defendants.

23.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

24.  At all relevant times herein, defendants owned and operated a deli in Queens.

25.  Francisco Ramirez was employed at Hudson Food from approximately August 2019 through February 2021.

26.  Sergio Hernandez was employed at Hudson Food from about September 2019 through February 2021.

27.  Plaintiffs were employed primarily as food preparers, working the deli counter, preparing sandwiches and salads and working the grill.

28.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

29.  At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of

goods for commerce, as defined in the FLSA and its implementing regulations.

30.  Plaintiffs worked regular schedules of six days per week throughout their employment.

31.  At the outset of his employment, Francisco Ramirez worked six ten-hour shifts per week each week.  In mid-March 2020, his schedule was reduced to six nine-hour shifts, and in mid-December 2020, his schedule was reduced even further, to six 5-hour shifts.  Finally, in February 2021, his schedule was increased to six eight-hour shifts.

32.  As a result, Mr. Ramirez worked either 60, 54, or 48 hours per week each week, except for about 2½ months at the end of 2020/beginning of 2021 in which he only worked 30 hours per week.

33.  At the outset of his employment, Sergio Hernandez also worked six ten-hour shifts per week each week.  In mid-March 2020 his schedule was reduced to six six-hour shifts, and in January 2021 his schedule was increased to six eight-hour shifts.

34.  As a result, Mr. Hernandez worked 60 hours per week each week at the start of his employment, worked 36 hours per week from mid-March through December 2020, and then worked 48 hours per week each week from January 2021 through the end of his employment in February 2021.

7

35.  Mr. Ramirez and Mr. Hernandez were each paid at an hourly rate of $15 per hour by defendants throughout their employment.

36.  Plaintiffs were paid at these rates for all hours they worked, regardless of the number of hours they worked each week.

37.  Mr. Ramirez and Mr. Hernandez were paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

38.  In addition, defendants failed to pay Mr. Ramirez or Mr. Hernandez any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

39.  Defendants' failure to pay Mr. Ramirez and Mr. Hernandez the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

40.  Defendants failed to provide Mr. Ramirez or Mr. Hernandez with written notices in their primary language providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed – and failed to obtain plaintiffs' signatures acknowledging the same, at any time

during their employment, in violation of the Wage Theft Prevention Act in effect at the time.

41. Defendants failed to provide Mr. Ramirez or Mr. Hernandez with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

42. Upon information and belief, throughout the period of Francisco Ramirez's and Sergio Hernandez's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Ramirez and Mr. Hernandez (the Collective Action Members) in positions at defendants' deli that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

44. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

45. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

46. Upon information and belief, while defendants employed Francisco Ramirez, Sergio Hernandez and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

47. Upon information and belief, while defendants employed Francisco Ramirez, Sergio Hernandez and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

48. Mr. Ramirez and Mr. Hernandez, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

49. At all relevant times, defendants employed Francisco Ramirez, Sergio Hernandez, and each of the Collective Action Members within the meaning of the FLSA.

50. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

51. As a result of defendants' willful failure to compensate their employees, including Francisco Ramirez, Sergio Hernandez, and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

52. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

53. Due to defendants' FLSA violations, Francisco Ramirez, Sergio Hernandez, and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

54.  Mr. Ramirez and Mr. Hernandez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

55.  At all relevant times, Mr. Ramirez and Mr. Hernandez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56.  Defendants willfully violated the rights of Mr. Ramirez and Mr. Hernandez by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

57.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

58.  Due to defendants' New York Labor Law violations, Mr. Ramirez and Mr. Hernandez are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and

disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

59.  Mr. Ramirez and Mr. Hernandez repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

60.  At all relevant times, Mr. Ramirez and Mr. Hernandez were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

61.  Defendants willfully violated the rights of Mr. Ramirez and Mr. Hernandez by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

62.  Defendants willfully violated the rights of Mr. Ramirez and Mr. Hernandez by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

63.  Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day throughout their employment, up to the maximum statutory damages.

64. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ramirez and Mr. Hernandez respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Francisco Ramirez, Sergio Hernandez, and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  An award of liquidated damages as a result of defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  Liquidated damages for defendants' New York Labor Law violations;

g.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

h.  Back pay;

i.  Punitive damages;

j.  An award of prejudgment and postjudgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other, further, and different relief as this

Court deems just and proper.

Dated:  August 5, 2021

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444
Attorneys for Plaintiffs,
*Individually and on behalf of an
FLSA collective action*

# EXHIBIT A

DocuSign Envelope ID: E7103763-FA49-4A05-88E5-70B3A72E0385

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Queens Plaza Deli Corp. d/b/a Hudson Food Market and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Queens Plaza Deli Corp. d/b/a Hudson Food Market y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Francisco Ramirez

Date: _____3/23/2021_____

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Queens Plaza Deli Corp. d/b/a Hudson Food Market and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Queens Plaza Deli Corp. d/b/a Hudson Food Market y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

Sergio Hernandez

Date: 3/23/2021