**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444
dstein@steinllp.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Francisco Ramirez and Sergio Hernandez, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. –<br><br>Queens Plaza Deli Corp. d/b/a Hudson Food Market, Fahd Musleh and Nash Musleh,<br><br>Defendants. | DOCKET NO. 21-cv-4417 (MKB)(MMH)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

**PRELIMINARY STATEMENT**

This is a wage-and-hour case brought under the Fair Labor Standards Act ("FLSA"), as well as under related provisions of the New York Labor Law ("NYLL"). Plaintiffs Francisco Ramirez and Sergio Hernandez allege in their Complaint that Defendants failed to properly pay them their wages. The Complaint was filed on August 5, 2021, and the defendants were all served by October 19, 2021. Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered defaults against all defendants on March 18, 2022 and March 23, 2022 after they failed to enter appearances or file answers.  Plaintiffs now bring this motion for default judgment to bring this matter to a close.

1

## STATEMENT OF FACTS

When a defendant defaults, the factual allegations of the Complaint are deemed to have been admitted. *Tau v. TAD System Technology, Inc.*, 2009 WL 2905780, at *1 (E.D.N.Y. 2009) (quoting *Chen v. Jenna Lane, Inc.*, 30 F.Supp.2d 622, 623 (S.D.N.Y. 1998)); *Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *1 (S.D.N.Y. 2004). In addition, plaintiffs have submitted declarations setting forth the relevant facts herein.

At relevant times, defendants operated a deli in Queens. (Complaint ¶ 24; Ramirez Decl. ¶¶ 5-6; Hernandez Decl.¶¶ 5-6). The corporate defendant is a covered enterprise under the FLSA (Complaint ¶¶ 7-10). Defendants Fahd Musleh and Nash Musleh owned the business during the relevant time period and was an employer of plaintiffs. (Complaint ¶¶ 11-16; Ramirez Decl. ¶ 9; Hernandez Decl.¶ 9).

Plaintiffs were employed primarily as deli men (Complaint ¶ 27; Ramirez Decl. ¶ 8; Hernandez Decl.¶ 8) Francisco Ramirez worked for the defendants as a deli man from roughly August 2019 through February 15, 2021, while Sergio Hernandez did so from roughly September 2019 through February 15, 2021. (Complaint ¶¶ 25-26; Ramirez Decl. 7; Hernandez Decl.¶ 7-8). Plaintiffs worked regular six-day schedules at the supermarkets, Monday through Saturday. Mr. Ramirez originally worked six ten-hour shifts per week (60 hours), but then in mid-March 2020, his schedule was reduced to six nine-hour shifts (54 hours), and in mid-December 2020, his schedule was reduced even further, to six 5-hour shifts (30 hours). Finally, in February 2021, his schedule was increased to six eight-hour shifts (48 hours). Mr. Hernandez also worked six ten-hour shifts per week each week at the outset of his employment (60 hours); in mid-March 2020 his schedule was reduced to six six-hour shifts (36 hours), and in January 2021 his schedule was increased to six eight- hour

2

shifts (48 hours). (Complaint ¶¶ 30-34; Ramirez Decl. ¶¶ 10-12; Hernandez Decl.¶¶ 10-12) Throughout their employment they were paid $15 per hour for all the hours they worked (Complaint ¶¶ 31-32, 38; Ramirez Decl. ¶ 14; Hernandez Decl.¶ 14). Defendants' failure to pay overtime was willful, and lacked a good faith basis. (Complaint ¶¶ 39, 52, 56-57).

Plaintiffs were paid in cash, and never received paystubs with their pay. Nor did they receive wage notices when they were hired. (Complaint ¶¶ 37, 40-41; Ramirez Decl. ¶¶ 15-17; Hernandez Decl.¶¶ 15, 17) As a result, they did not understand the manner in which they were being paid or their entitlement to overtime, and were unable to assert their rights. (Ramirez Decl ¶¶ 16-19; Hernandez Decl. ¶¶ 16-19)

## LEGAL ARGUMENT

I. **DEFENDANTS HAVE VIOLATED PLAINTIFFS' RIGHTS UNDER THE FLSA AND NEW YORK LABOR LAW.**

   A. **Plaintiffs have established their entitlement to a default judgment against defendants as to liability and damages.**

Dispositions of motions for default judgment are left to the sound discretion of the district court. *Shah v. New York State Department of Civil Service*, 168 F.3d 610, 615 (2nd Cir. 1999). In civil cases, where a party fails to respond after notice, the court is ordinarily justified in entering a judgment against the defaulting party. See Fed. R. Civ. P. 55(b)(2); *Bermudez v. Reid*, 733 F.2d 18, 21 (2nd Cir. 1984). Because Queens Plaza Deli Corp. d/b/a Hudson Food Market and the individual defendants have, by defaulting, failed to proffer any defense, they are deemed to have admitted liability, but the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation. *Flaks v. Koegel*, 504 F.2d 702 (2d. Cir. 1974), citing *Trans World Airlines, Inc. v.*

3

*Hughes*, 449 F.2d 51, 69-70 (2nd Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

Although it is possible that defendants might have maintained accurate records of plaintiffs' wages and hours worked, they did not supply any such records to plaintiffs, and because defendants have defaulted, such documents are not part of the record in this case. In the absence of such documents, plaintiffs are entitled to rely upon their own testimony, and the reasonable inferences drawn therefrom, to reconstruct their approximate hours and wages. *Anderson v. Mr. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) ("If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate"); *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 66, 69 (2nd Cir. 1995) (same); see also NYLL § 196-a (where an employer fails to keep adequate records, "the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements"). Here, plaintiffs rely on their recollections to reconstruct the hours that they worked and the money that they were paid. Thus, plaintiffs' allegations regarding their employment with defendants and their pay and work schedules are deemed admitted, as are their allegations regarding defendants' failure to provide them with wage notices or wage statements required by New York law.

### B. Plaintiffs are entitled to overtime damages.

Under the Fair Labor Standards Act, an employer must pay at a rate at least equal to one and a half times the employee's regular rate of pay for any hours worked over 40 hours in a work week. 29 U.S.C. § 207(a)(1). Like the FLSA, New York law requires employers to pay one and a half times an employee's regular rate as an overtime premium for all hours

4

beyond 40 in a workweek. 12 N.Y.C.R.R. § 146-1.4. Under the statute of limitations applicable to the FLSA, plaintiffs' damage claims can extend back three years, to August 5, 2018, because, as discussed *infra*, defendant's violations of the law were willful. 29 U.S.C. § 255(a). Under the statute of limitations applicable to the NYLL, plaintiffs' damages claims can extend back six years. NYLL § 663. All of plaintiffs' employment with defendants fall within these statutes of limitation.

In the instant case, defendants did not pay Mr. Ramirez or Mr. Hernandez the required overtime premiums at any point during their employment. Although they worked in excess of 40 hours per week for most of their employment, they were simply paid their regular rate of pay for all of their hours worked in a week.. The tables attached to the Declaration of Stein as Exhibits F and G set forth the damages owed.

### C. Plaintiffs are entitled to liquidated damages.

Under the FLSA, an employer who violates its overtime requirements is liable for the unpaid wages and an additional equal amount as liquidated damages. 29 U.S.C. §216(b). The employer may not be liable for liquidated damages if it demonstrates that its actions were in good faith and it had reasonable grounds for believing that its actions or omissions did not violate the FLSA. 29 U.S.C. § 260. The burden is on the employer, however, to avoid liability for liquidated damages, and "double damages are the norm, single damages the exception." *Reich v. S. New Eng. Telecommunications Corp.*, 121 F.3d 58, 71 (2nd Cir. 1997).

Similarly, the New York Labor Law in effect during the time periods during which Mr. Ramirez and Mr. Hernandez worked for defendants allowed a worker to recover 100%

5

liquidated damages when the employer's violation of the law was "willful."[1] NYLL §§ 198(1-a); § 663(1). For a finding of willfuless, "no finding of malice or bad faith . . . is necessary." *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998). An employer's knowing disregard of its obligation to pay wages is sufficient. *Id*. *See also, Santillan v. Henao*, 822 F.Supp.2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness. *See, e.g., Blue v. Finest Guard Services, Inc.,* No. 09 CV 133, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010); *Dong v. CCW Fashion Inc,* No. 06 Civ. 4973, 2009 WL 884680, at *4-5 (S.D.N.Y. Feb. 19, 2009). As the defendants herein have defaulted, they could not possibly have demonstrated that they acted in good faith.

### D. Plaintiffs are entitled to damages under the Wage Theft Prevention Act.

NYLL § 195(1) requires an employer to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing" certain information, including "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [...] the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer…" As codified in New York Labor Law § 198, the Wage Theft Prevention Act

---

[1] To be sure, the Second Circuit has clarified that – at least post-2011 – an employee cannot recover "stacked" liquidated damages; that is, an employee cannot recover cumulative federal and state liquidated damages for the same time period. *See Rana v. Islam*, 887 F.3d 118, 122-23 (2nd Cir. 2018). Plaintiff therefore does not seek such double recovery. However, he is entitled to recover under whichever statute affords him the greatest relief. *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, 2016 WL 8650464, at *9 (S.D.N.Y. Nov. 7, 2016)

6

provides for penalties for failure to provide the notices. Specifically, with respect to failure to provide the annual notice, employees "may recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." NYLL § 198(1-b).

Additionally, New York Labor Law § 195(3) requires that an employer "furnish each employee with a statement with every payment of wages," including such information as "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions." The wage statement must also include regular and overtime rates of pay and the number of regular and overtime hours worked. With respect to failure to provide the weekly wage statement, employees "shall recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." *Id.* § 198 (1-d).

In the instant case, defendants violated both the annual notice and the weekly wage statement provisions with respect to Mr. Ramirez and Mr. Hernandez, as they provided no written notices to them at any point during their employment, and failed to provide them with paystubs, instead simply paying them in cash with no documentation. Moreover, plaintiffs' declarations submitted with this motion explain that this was not the bare statutory violation that *TransUnion LLC v. Ramirez*, 594 U.S. –––-, 141 S. Ct. 2190, 2205, 210 L.Ed.2d 568 (2021) suggests is insufficient to support Article III standing for plaintiffs' claims; rather, because plaintiffs did not receive the required documents, they suffered a

7

"concrete and particularized" injury necessary to constitute an "injury in fact." Specifically, there were "downstream consequences" from defendants' failure to provide them with the required documents: plaintiffs' failure to receive the statutorily required information prevented them from realizing during their employment that they were not being paid appropriately and asserting their rights during their employment. *Mateer v. Peloton Interactive, Inc.*, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022)(failure to receive required documents resulting in underpayment clears the low threshold required for standing); *Imbarrato v. Banta Mgmt. Servs., Inc.*, 2020 WL 1330744, at *9 (S.D.N.Y. Mar. 20, 2020) (failure to provide written pay information constitutes concrete injury because the law was enacted precisely to protect workers by enabling them to understand their rights and advocate for themselves to be paid properly).

As a result, and as set forth further in the calculations attached to the Declaration of Stein as Exhibits F and G, plaintiffs are each entitled to the statutory maximum of $5,000 on each of the Wage Theft Prevention Act claims, for a total of **$10,000**.

### E. Total damages.

As set forth below, plaintiffs seek **$47,270.00** in damages (including liquidated damages on their overtime claims):

| Plaintiff | Overtime Owed | WTPA Penalties | Total |
|---|---|---|---|
| Ramirez | $18,030.00 | $10,000.00 | $28,030.00 |
| Hernandez | $9,240.00 | $10,000.00 | $19,240.00 |

## II. Plaintiffs are also entitled to an award of attorneys' fees and costs.

Under both federal and state law, a prevailing plaintiff in a wage-and-hour case may seek an award of reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); NYLL § 198. The table in the attached Declaration of David Stein contains contemporaneous time records of

8

each attorney's work on this case, and their hourly rates. As illustrated in the Declaration, plaintiffs are owed **$3,700.00** in attorneys' fees. *Id.* ¶¶ 22-24. In addition, the costs plaintiffs incurred in this lawsuit amount to **$623.00.** *Id.* ¶ 24. Therefore, they are requesting a total of **$4,323.00** ($3,700.00 + $623.00) in attorneys' fees and costs.

These rates are well within the norm of billing rates for cases of this nature in this district. *See Mendez v. Casa Blanca Flowers, Ltd.*, 2014 WL 4258943, at *6 (E.D.N.Y. July 8, 2014), *report and recommendation adopted*, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-80 for legal support staff.") (collecting cases); *Tacuri v. Nithin Constr. Co.*, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015) (prevailing hourly rates for partners range from $300 to $400); *Griffin v. Astro Moving & Storage Co. Inc.*, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (reasonable hourly rates are $200 to $325 for senior associates). Moreover, as set forth in the accompanying Declaration of David Stein, ¶ XXX, plaintiffs' counsel has been awarded fees in this range in cases in this district and slightly higher rates in the Southern District.

## **CONCLUSION**

For the above reasons, plaintiffs respectfully submit that they are entitled to default judgment in this matter in the amount of $28,030.00 for Mr. Ramirez, $19,240.00 for Mr. Hernandez, and $4,323.00 in attorneys' fees and costs, for a total of **$51,593.00**, and respectfully request that this Court enter judgment in that amount. In the alternative, they request that this Court enter default judgment and order an inquest to determine the amounts to which they are entitled.

                Respectfully submitted,

By: _____

STEIN & NIEPORENT LLP
David Stein
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

*Attorneys for Plaintiffs*

Dated: December 9, 2022